[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10247
Non-Argument Calendar
_____

D.C. Docket No. 9:05-cr-80049-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC LEON GREEN,
a.k.a. Big Pappa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 6, 2012)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Cedric Leon Green, a federal prisoner, appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. After review, we affirm.

## I. BACKGROUND

### A.    Conviction and Sentence

In 2005, Green pled guilty to: (A) three counts of distribution of at least five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Counts 1, 2 and 4); (B) one count of distribution of at least fifty grams of cocaine base, in violation of § 841(a)(1) and (b)(1)(A) (Count 3); (C) one count of possession with intent to distribute at least fifty grams of cocaine base, in violation of § 841(a)(1) and (b)(1)(A) (Count 5); and (D) one count of possession with intent to distribute marijuana, in violation of § 841(a)(1) and (b)(1)(D) (Count 6).

Although Green had multiple prior convictions, the government did not file a 21 U.S.C. § 851(a) notice indicating reliance upon those prior convictions to seek an increased punishment. Accordingly, as to Counts 3 and 5, Green was subject only to the mandatory minimum ten-year sentence in 21 U.S.C. § 841(b)(1)(A), and not the enhanced mandatory minimums of either twenty years (for one prior felony drug offense) or life (for two or more prior felony drug offenses). See 21 U.S.C. § 841(b)(1)(A). However, Green's statutory maximum

2

under § 841(b)(1)(A) was a life sentence, even without an § 851(a) notice.

The Presentence Investigation Report ("PSI") designated Green a career offender because he had at least two prior felony drug convictions.  Under U.S.S.G. § 4B1.1, a career offender's base offense level is determined based on the "Offense Statutory Maximum."  Because Green's statutory maximum sentence was life, the PSI set Green's offense level at 37.  See U.S.S.G. § 4B1.1(b).  With a criminal history category of VI, the PSI recommended an advisory guidelines range of 262 to 327 months' imprisonment.  Green did not object to the PSI's fact findings or guidelines calculations.  At the November 2005 sentencing, the district court imposed a 262-month sentence.  Green did not file a direct appeal.

## B.    First § 3582(c)(2) Motion

In 2008, Green filed his first § 3582(c)(2) motion based on Amendment 706, which lowered the base offense levels in U.S.S.G. § 2D1.1(c) for some crack cocaine offenses.  The district court denied Green's § 3582(c)(2) motion because Green was sentenced as a career offender under U.S.S.G. § 4B1.1, not based on U.S.S.G. § 2D1.1, and thus Amendment 706 did not lower Green's sentencing range.

## C.    28 U.S.C. § 2255 Motion

In January 2010, Green filed a motion to vacate pursuant to 28 U.S.C.

3

§ 2255. Green's § 2255 motion argued that his trial counsel was ineffective for failing to investigate and then challenge the validity of a search warrant and Green's criminal complaint, but did not raise any sentencing issues. The district court denied Green's § 2255 motion as time-barred. The district court and this Court denied Green's request for a certificate of appealability, and his appeal was dismissed.

**D.    Second § 3582(c)(2) Motion**

On November 15, 2011, Green filed his second § 3582(c)(1) motion, which is the subject of this appeal. This time, Green's § 3582(c)(2) motion cited Amendments 506 and 567 and the Supreme Court's decision in United States v. LaBonte, 520 U.S. 751, 117 S. Ct. 1673 (1997).

Amendment 506, effective November 1, 1994, changed the definition of "Offense Statutory Maximum" in U.S.S.G. § 4B1.1's commentary to mean only the basic statutory maximum and excluded any sentencing enhancements based on the defendant's prior criminal record. See U.S.S.G. App. C, amend. 506. In LaBonte, the Supreme Court concluded that Amendment 506 violated the plain language of 28 U.S.C. § 944(h), which requires the guidelines to "specify a sentence . . . at or near the maximum term authorized" for defendants who had certain prior felony convictions. LaBonte, 520 U.S. at 757-62, 117 S. Ct. at 1677-

4

79. The term "maximum term authorized" in § 944(h) includes any relevant statutory sentencing enhancements. See id. at 753, 117 S. Ct. at 1675. In response, the Sentencing Commission adopted Amendment 567, effective November 1, 1997, which amended the commentary to § 4B1.1 to specify that "Offense Statutory Maximum" included sentencing enhancements based on the defendant's prior criminal record. See U.S.S.G. App. C, amend. 567.

The government misconstrued Green's second § 3582(c)(2) motion as one asking for a reduction based on further amendments to the crack cocaine guidelines provisions. The government argued that, as a career offender, Green remained ineligible for a reduction.

The district court denied Green's second § 3582(c)(2) motion, concluding that he was not entitled to a sentence reduction. The district court found that Green's sentencing range was not lowered by any amendments to the crack cocaine guidelines because his guidelines range was based on the career offender provision, U.S.S.G. § 4B1.1. In a footnote, the district court found that relief under Amendments 506, 567 and LaBonte was unwarranted because those amendments and LaBonte all predated Green's June 20, 2005 entry of his guilty plea and thus could not have "subsequently" lowered his sentencing range, as required by 18 U.S.C. § 3582(c)(2). The district court denied Green's subsequent

5

motion for reconsideration.

## II.  DISCUSSION

Under § 3582(c)(2), the district court may reduce a defendant's prison term only when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, if a retroactively applicable guidelines amendment does not lower the defendant's applicable guidelines range, a sentence reduction under § 3582(c)(2) is not authorized.  See U.S.S.G. § 1B1.10(a)(2)(B).[1]

On appeal, Green argues that at his original sentencing the district court erred in applying U.S.S.G. § 4B1.1 to calculate his offense level because the government did not file a § 851(a) information.  According to Green, under the Supreme Court's reasoning in LaBonte, applying § 4B1.1 to him violated 28 U.S.C. § 944(b)(2).  Green explicitly states that he does not rely upon Amendments 506 and 567 as the bases for his § 3582(c)(2) motion.  Indeed, Green does not contend that either amendment had the effect of lowering his sentencing

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)" and review for abuse of discretion its decision whether to reduce a sentence pursuant to § 3582(c)(2).  United States v. Jones, 548 F.3d 1366, 1368 & n.1 (11th Cir. 2008).

6

range.  Instead, Green says he relies solely upon LaBonte.

The problem for Green is that Supreme Court decisions by themselves do not provide § 3582(c)(2) relief because they are not retroactively applicable guidelines amendments.  See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).  Moreover, Green does not identify any subsequent, retroactively applicable amendment to the guidelines, much less one that lowered his sentencing range.  See 18 U.S.C. § 3582(c)(2) (requiring a defendant's sentencing range to be "subsequently . . . lowered" by a guidelines amendment).  Green disavows any reliance upon Amendments 506 and 567.

In any event, as the district court noted, Amendments 506 and 567 were promulgated in 1994 and 1997, respectively, and they, along with LaBonte decided in 1997, predate Green's 2005 convictions and sentences.  In fact, the district court used the 2004 edition of the Sentencing Guidelines, which contained the version of § 4B1.1 modified by Amendment 567.  Thus, Green received the benefit of LaBonte.  In short, neither amendment could apply retroactively to Green or subsequently lower his sentencing range, and neither amendment is a proper basis for Green's § 3582(c)(2) motion.

To the extent Green attempts to argue that, in his 2005 original sentencing, the district court erroneously sentenced him as a career offender, his claim falls

7

outside the "limited scope" of his § 3582(c)(2) proceeding. See Dillon v. United States, ___ U.S. ___, 130 S. Ct. 2683, 2692 (2010). A § 3582(c)(2) proceeding is not a de novo resentencing, and the defendant is not permitted to challenge original sentencing determinations not implicated by a retroactively applicable guidelines amendment. Id. at 2690-91; United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).[2]

For all these reasons, the district court properly concluded that it lacked authority to grant Green's § 3582(c)(2) motion.

**AFFIRMED.**

---

[2]Additionally, Green's argument is barred by the law-of-the-case doctrine because he did not raise it in a direct appeal after his original sentencing. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997). We also note that Green did not raise this sentencing issue in his § 2255 motion.

8